DAVID B. DIBBLE (10222)
JASCHA K. CLARK (16019)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email:  ddibble@rqn.com
            jclark@rqn.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLAIR LAMPE, an individual, <br><br> Plaintiff, <br><br> v. <br><br> DELTA AIR LINES, INC., a foreign corporation, <br><br> Defendant. | **DEFENDANT'S NOTICE OF REMOVAL** <br><br> Case No.: 2:22-cv-00055-TC <br><br> District Judge Tena Campbell |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Delta Air Lines, Inc. ("**Defendant**"), hereby respectfully files this Notice of Removal to the United States District Court for the District of Utah, Central Division, of the state action pending in the Third Judicial District Court, Salt Lake County, State of Utah, entitled *Blair Lampe, an individual v. Delta Air Lines, Inc., a foreign corporation*, Case No. 220900182 (the "**State Action**"), based upon federal question, as well as diversity of citizenship and an amount in controversy exceeding $75,000.00.

*See* 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

Defendant submits that original subject matter jurisdiction exists in the United States District Court for the District of Utah—which is the district court of the United States for the district and division embracing the place where the State Action is pending—based on (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331, and (2) diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  Defendant avers the following in support of this Notice of Removal:

1. On January 11, 2022, Plaintiff Blair Lampe ("**Plaintiff**") commenced the State Action by filing her Complaint.  (A true and correct copy of the State Action Complaint is attached hereto as Exhibit 1.)

2. On January 12, 2022, Defendant, through its registered agent, was served with the State Action Complaint.  (A true and correct copy of the Notice of Service of Process is attached hereto as Exhibit 2.)

3. Under 28 U.S.C. § 1446(b), the notice of removal of a civil action shall be filed within thirty days after the receipt by the defendant, through service, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based.  Because Defendant was served on January 12, 2022, Defendant has until February 11, 2022, to file a notice of removal.  Accordingly, this Notice of Removal is timely filed within the thirty-day period provided under 28 U.S.C. § 1446(b).

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because both of Plaintiff's claims arise under federal law – specifically, "the Civil Rights Act of 1964, as

amended 42 USC §2000e, et seq. . . . and the Equal Pay Act, 29 USC §29, et seq." (*See* Ex. 1, State Action Complaint at 1.)

5. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

6. Specifically, Plaintiff is a resident and citizen of, and domiciled in, Utah while Defendant is a Delaware corporation, with its principal place of business in Georgia. Accordingly, for purposes of 28 U.S.C. § 1332, Defendant is considered a resident and citizen of, and domiciled in, Delaware and Georgia. (*See* Corporate Printout, attached as Exhibit 3.) Plaintiff specifically acknowledges that she is a resident and citizen of, and domiciled in, Utah, and she also acknowledges that Delta is a "foreign" corporation, meaning that it is <u>not</u> a resident or citizen of, or domiciled in, Utah. (Ex. 1, State Action Complaint at Caption and ¶¶ 1-2.)

7. Additionally, Plaintiff alleges damages ranging up to $300,000, before the inclusion of her alleged punitive damages, attorney fees, and "other damages." (*See* Ex. 1, State Action Complaint at ¶ 59.)

8. Based on the foregoing, the United States District Court for the District of Utah, Central Division has jurisdiction over the State Action under 28 U.S.C. §§ 1331 and 1332, and the State Action may be removed to Federal Court pursuant to 28 U.S.C. § 1441. Pursuant to 28 U.S.C. § 1446(d), Defendant will file a written notice of this removal with the Third Judicial District Court for the State of Utah, which, along with this notice, is being served on Plaintiff's counsel as required by 28 U.S.C. § 1446(d). (A true and correct copy of the corresponding

Notice of Removal to be filed in the State Court Action is attached hereto (without exhibits) as Exhibit 4.)

9.  Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached hereto as Exhibits 1 and 2. Additionally, a printout of the docket from the State Court Action is attached hereto as Exhibit 5.

## CONCLUSION

For the foregoing reasons, federal jurisdiction now exists under 28 U.S.C. §§ 1331 and 1332, and removal is appropriate under 28 U.S.C. § 1441.

DATED this 28th day of January, 2022.

        RAY QUINNEY & NEBEKER P.C.

        */s/Jascha K. Clark*
        David B. Dibble
        Jascha K. Clark

        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of January, 2022, a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was electronically filed with the Clerk of the Court using the Court's ECF System and was also emailed to the following:

Michele Anderson-West
STAVROS LAW P.C.
8915 South 700 East, Suite 202
Sandy, Utah 84070
michele@stavroslaw.com

*Attorneys for Plaintiff*

/s/ TerriAnne Gillis