Michele Anderson-West (9249)
**ANDERSON-WEST LAW**
9980 South 300 West, Suite 200
Sandy, Utah 84070
Telephone: 801.830.1958
Email: michele@andersonwestlaw.com
        *Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLAIR LAMPE, an individual,<br>    Plaintiff,<br>v.<br>DELTA AIR LINES, INC., a foreign<br>corporation,<br><br>    Defendant. | **REPLY IN SUPPORT OF PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT**<br><br>**Case No. 2:22-cv-00055-TC**<br>**Honorable Tena Campbell** |

Pursuant to Rules 7 and 56(a) of the Federal Rules of Civil Procedure and DUCivR 7-

1(a)((4) Plaintiff Blair Lampe ("Lampe") respectfully submits the following Reply Memorandum in

Support of Plaintiff's Motion for Summary Judgment ("MSJ").

## **INTRODUCTION**

Lampe filed two Charges of Discrimination that are relevant to this

complaint.  Charge No. 540-2022-0361 and Charge No. 540-2022-04347.

Opposition p. 36.  The EEOC issued its Notice of Right to Sue ("NRTS") as to

both Charge No. 540-2022-003611 and Charge No. 540-2022-04347 on October

27, 2022. *See* Ex. 66 to Plaintiff's Opposition to Defendant's Motion for Summary

Judgment. Lampe timely filed her complaint within 90 days of the issuance of the

NRTSs.

Delta's argument as to paragraphs 13-15 of Lampe's declaration lacking

foundation fails.  Opposition p. 6. To the extent Lampe's declaration discusses matters

within her personal knowledge, it is admissible for summary judgment purposes. *Johnson v. Salt*

*Lake City Sch. Dist.,* 2021 U.S. Dist. LEXIS 203272, *11.  Here, Lampe's statements as to her damages is not merely speculative and is based on evidence in the record, including, but not limited to, Lampe's calculation of damages identified in her Rule 26(a) Initial Disclosures and Supplemental Rule 26(a) Initial Disclosures.

### RESPONSE-FACTS DELTA STATES ARE IMMATERIAL/ IRRELEVANT

Facts are material if "it is essential to the proper disposition of [a] claim." *Klein v. Taylor,* 2022 U.S. Dist. LEXIS 33671, *8.

**SOF 4**.While working for Delta the past 13 years, Lampe has always met or exceeded Delta's expectations.

**Response.** Unsupported, immaterial and irrelevant.  "An issue of fact is 'material' if under the substantive law it is essential to the proper dispositions of the claim" Whether Plaintiff "met or exceeded" Delta's expectations in her current role is immaterial to whether Delta's decision to promote another employee over her was unlawful.

**Reply.**  This fact is material as to Lampe's qualifications for the positions to which she applied.

**SOF 5**.  Fred Woodard (Woodard), Lampe's supervisor, described Lampe saying "[s]he has tremendous drive and great interest in seeing SLC GSE both shop and its team members succeed. She is easy to talk to, thinks before she speaks, at least as far as I can see, is passionate about every task she is given to do it in the best possible manner and with qualify, looks for alternative solutions to problems, she respects everyone for what they do, she is sharply dressed, arrives early to work, Blair Lampe is Delta."

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial.  This fact is material as to Lampe's qualifications for the positions to which she applied.

**SOF 6.**  Woodard also said, of Lampe, ". . . her background shows she has actually been in supervision and management roles before, and has the best organization skills I have seen in a while, not afraid to reach out for information and is very good at it, does not seem to be intimidated by anyone, and so far very respected in what she has done and still doing with safety and environmental for the shop. In observing her for the past several months I have seen she does not let set back slow her down or diminish her energy arriving every day as well as her making everyone around her feel better about the day's work."

**Reply.**  Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial.  This fact is material as to Lampe's qualifications for the positions to which she applied.

**SOF 10.**  Lampe met the preferred qualifications, and she submitted her resume for consideration.

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material as to Lampe's qualifications for the positions to which she applied.

**SOF 13**. Maier invited Eric Schulte (Schulte) to interview for the position even though Schulte did not meet the preferred job qualifications.

**Response.** Plaintiff's assessment of the qualifications of other applicants for the department Manager position is immaterial.

**Reply.** This fact is material as to Delta's proffered reasons for rejecting Lampe as pretext.

**SOF 14**. Maier interviewed Fred Woodard (Woodard) for the GSE Manager position, even though Woodard's seniority at the time of his application should have disqualified him based on Delta's Internal Mobility Policy.

3

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material as to Delta's proffered reasons for rejecting Lampe as pretext.

SOF 15.   In comparing Lampe's resume and Woodard's resume, Lampe had worked in Delta's Motorized GSE department for 11 years with considerable outside leadership experience, while Woodard had worked in Delta's Stationary GSE department for less than one year.

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This this fact is material as to proving Delta's proffered reason for not promoting Lampe is pretext.

SOF 18.   Maier reasons, although made under oath and under penalty of perjury, cannot be true because Maier did not interview Lampe, he just rejected her outright.

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material as to proving Delta's proffered reason for not promoting Lampe is pretext.

SOF 19. In December 2020, Delta asked Lampe to be a Training Coordinator, in addition to her regular duties as GMM and Lampe accepted the position.

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material as to Lampe's qualifications as a mechanic and goes to her qualifications for the positions to which she applied.

SOF 20. As the Training Coordinator, Lampe monitored and updated training records, liaised with GSE leadership to ensure training compliance, coordinated local training activities, conducted audiometric testing, assisted employees with training issues and held multiple certifications and responsibilities which were typically held and performed by GMTs, Lead GMTs and managers.

**Response.** Immaterial and irrelevant.  While it is true that Plaintiff volunteered to act as a Training Coordinator in her position as a GMM (Ex. 2 at 94:23-96:4), her duties in that assignment are not material to her claims.

**Reply.** This fact is material to Lampe's qualifications as a mechanic and goes to her qualifications

for the positions to which she applied.

    **SOF 21**. Delta paid Lampe $28.27 per hour while she worked as GMM and the Training

Coordinator.

**Response.**  Immaterial and irrelevant.  Plaintiff does not move for summary judgment on her unequal pay claims and thus her pay in various positions is not material to her failure to promote claims.[1]

**Reply.** This fact is relevant to support Lampe's damages.

    **SOF 22**. Delta paid the male employee, who held the Training Coordinator position prior to

Lampe, at least $46,72 per hour.

**Response.**  Immaterial and irrelevant.  Plaintiff does not move for summary judgment on her unequal pay claims and thus her pay in various positions is not material to her failure to promote claims.

**Reply.** This fact is relevant to support Lampe's damages.

    **SOF 23**.  In March 2021, Lampe took on the role of GSE Environmental and Safety

Coordinator in addition to working as a GMM.

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is

immaterial. This fact is material to the extent it supports Lampe's prima facie case

as to her qualifications for the positions to which she applied.

---

[1] Delta's response contains additional information which recitation is not necessary to restate for the purposes of Lampe's reply.

**SOF 24**.  Lampe's duties and responsibilities as GSE Environmental and Safety Coordinator included but were not limited to oversight and development of safety and environmental initiatives, purchasing and invoice approval, process improvement, inspections and auditing, waste inventory and disposal and numerous administrative tasks.

**Reply.**  Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial.  This fact is material as to Lampe's qualifications for the positions to which she applied.

**SOF 25.**  Delta paid men performing the same responsibilities as Lampe concurrently in other GSE operations were paid at least $46.72 per hour while Delta paid Lampe $28.27 per hour.

**Response.**  Immaterial and irrelevant.  Plaintiff does not move for summary judgment on her unequal pay claims and thus her pay in various positions is not material to her failure to promote claims.[2]

**Reply.** This fact is relevant as to Lampe's damages calculation.

**SOF 29**. Lampe's experience exceeded the preferred qualifications and she applied for the [Regional Contracts Manager position] and she applied for the position.

**Response.** Unsupported, immaterial and irrelevant.  Plaintiff's own belief that she was the most qualified candidate for a position is immaterial.[3]

**Reply.** This fact is material as to Lampe's qualifications for the positions to which she applied.

**SOF  32**.  Schulte had no maintenance experience in GSE and did not meet the minimum qualifications for the position.

---

[2] Delta's response contains additional information which recitation is not necessary to restate for the purposes of Lampe's reply.

[3] Delta's response contains additional information which recitation is not necessary to restate for the purposes of Lampe's reply.

**Response.** Unsupported, immaterial and irrelevant. Plaintiff's assessment of the qualifications of other applicants for the Regional Manager position is unsupported and immaterial.[4]

**Reply.** This fact is material to support Lampe's case in chief as to Delta's reasons for not promoting Lampe as pretext.

SOF 33. Redd did not meet the preferred qualifications for an interview [for the Regional Manager position].

**Response.** Unsupported, immaterial and irrelevant. Plaintiff's assessment of the qualifications of other applicants for the Regional Manager position is immaterial.[5]

**Reply.** This fact is material to support Lampe's case in chief as to Delta's reasons for not promoting Lampe as pretext.

SOF 34. Maier and Dorismond used a matrix, that Maier made, which they said was to input information taken directly from the candidates' resumes in order to rate them.

**Response.** Immaterial and irrelevant. Because the matrix referenced in paragraph 34 was used only to select candidates to be interviewed, and Plaintiff was in fact selected to be interviewed, the use of the matrix is immaterial to her claims.

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for not promoting Lampe were pretext.

SOF 35. The data the decision makers entered on the matrix was inconsistent from the information listed on the candidates' resumes.

---

[4] Delta's response contains additional information which recitation is not necessary to restate for the purposes of Lampe's reply.

[5] Delta's response contains additional information which recitation is not necessary for the purposes of Lampe's reply.

**Response.**  Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, the use of the matrix is immaterial to her claims.[6]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for not promoting Lampe were pretext.

SOF 36.  The decision makers artificially inflated the male candidates' qualifications for the GSE Regional Contracts Manager position and diminished Lampe's qualifications.

**Response.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, the use of the matrix is immaterial to her claims.[7]

**Reply.** This fact is material to Plaintiff's claims to the extent is supports finding Delta's proffered reasons for not promoting Lampe were pretext.

SOF 37.  For example, Lampe's resume clearly shows her 11 years' experience working for Delta as a mechanic which was consolidated to just "EPA/safety coordinator."

**Response.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, and Lampe was in fact selected to be interviewed, the use of the matrix is immaterial to her claims.[8]

**Reply.** This fact is material to Plaintiff's claims to the extent is supports finding Delta's proffered reasons for not promoting Lampe were pretext.

SOF 38. Further comparing the resumes to the matrix, the decision makers disregarded Lampe's frontline leadership experience and ignored her experience in fleet management and other skills.

---

[6] Delta's response contains additional information which recitation is not necessary for the purposes of Lampe's reply.

[7] Delta's response contains additional information which recitation is not necessary for the purposes of Lampe's reply.

[8] Delta's response contains additional information which recitation is not necessary for the purposes of Lampe's reply.

**Response.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, and Lampe was in fact selected to be interviewed, the use of the matrix is immaterial to her claims.[9]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports Lampe being qualified for the positions to which she applied and as to Delta's proffered reasons for not promoting Lampe being pretext.

> **SOF 39.**  Simultaneous to diminishing Lampe's qualifications, the decision makers inflated the male candidates' qualifications and added content that was not listed on their resumes.

**Response.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, and Lampe was in fact selected to be interviewed, the use of the matrix is immaterial to her claims[10].

**Reply.**  This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for rejecting Lampe was pretext.

> **SOF 40.** For example, Schulte was given credit for being a GSE Liaison-which position was not on his resume-and the position does not exist within Delta at the Salt Lake City airport and entered data saying Schulte had 3-6 years previous GSE experience which is not found on his resume.

**Response.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, and Lampe was in fact selected to be interviewed, the use of the matrix is immaterial to her claims[11].

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for rejecting Lampe was pretext.

---

[9] Delta's response contains additional information which recitation is not necessary to Lampe's reply.

[10] Delta's response contains additional information which recitation is not necessary to Lampe's reply.

[11] Delta's response contains additional information which recitation is not necessary to Lampe's reply.

**SOF 41.** The decision makers assigned Lampe lower scores than male candidates which

scores were not associated with experience.

**Response.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, and Lampe was in fact selected to be interviewed, the use of the matrix is immaterial to her claims.[12]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

**SOF 42.** One example being that according to his resume, Schulte did not meet the

minimum requirements of the job and should not have been permitted to interview.

**Response.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, and Lampe was in fact selected to be interviewed, the use of the matrix is immaterial to her claims[13].

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

**SOF 43.** The decision makers assigned Schulte a rating equal to Lampe for "technical fit"

even though he had no technical experience in GSE and Lampe, at the time, had 11 years of

technical experience in GSE.

**Response.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, and Lampe was in fact selected to be interviewed, the use of the matrix is immaterial to her claims.[14]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

---

[12] Delta's response contains additional information which recitation is not necessary to Lampe's reply.

[13] Delta's response contains additional information which recitation is not necessary for Lampe's reply.

[14] Delta's response contains additional information which recitation is not necessary for Lampe's reply.

**SOF 44.** In addition to assigning Schulte technical experience that he did not have, the

decision makers rated Schulte a higher "cultural fit" than Lampe.

**Response.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, and Lampe was in fact selected to be interviewed, the use of the matrix is immaterial to her claims.[15]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

**SOF 45.** When asked why Schulte ranked higher than Lampe as a cultural fit, Maier said. .

.[s]o from an ability to communicate, he came across a lot better."

**Reply.** Unsupported, immaterial and irrelevant.  Because the matrix was only used to select candidates to be interviewed, and Lampe was in fact selected to be interviewed, the use of the matrix is immaterial to her claims.

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

**SOF 46.**  Maier offered Schulte the position over Lampe ignoring the fact that Lampe's

experience exceeded the job qualifications and Schulte did not meet the minimum requirements of

the job, disregarding the fact that Schulte lacked knowledge of Ground Support Equipment

maintenance functions, GSE technical experience, and the preferred educational qualifications.

**Response.** Unsupported, immaterial and irrelevant.  Plaintiff's assessment of the qualifications of other applicants for the Regional Manager position is immaterial.[16]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

---

[15] Delta's response contains additional information which recitation is not necessary for Lampe's reply.

[16] Delta's response contains additional information which recitation is not necessary to Lampe's reply.

**SOF 50.** Lampe's education and experience exceeded the job qualifications and she applied

for the position.

**Response.** Unsupported, immaterial and irrelevant.  Plaintiff's "own belief that she was the most qualified candidate for a position" is not material.[17]

**Reply.** This undisputed fact is material to the extent, based on Lampe's resume as compared to the

job description, she was qualified for the position to which she applied.

**SOF 51.** Woodard, Lampe's supervisor, told Maier that Lampe had applied for the LGMT

position and Maier sent Woodard a matrix to use to help decide who to hire.

**Response.** Immaterial and irrelevant.  The matrix referenced in paragraph 51 was used only to select candidates to be interviewed for the Lead GMT position and Plaintiff was in fact selected to be interviewed, thus the use of the matrix is immaterial to her claims.

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

**SOF 52.** Here, like with the Regional Contracts Manager position, the decision makers

embellished the male candidates' credentials and diminished Lampe's credentials.

**Response.** Unsupported, immaterial and irrelevant. The matrix was only used to select candidates to be interviewed. Thus, the use of the matrix is immaterial to her claims.[18]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

**SOF 53.** For example, in the "final score column" the decision makers ranked Dickinson as

having "strong GMT knowledge" which is not on Dickinson's resume and lists Lampe as "weak on

specialized" which is contrary to Lampe's resume.

---

[17] Delta's response contains additional information which recitation is not necessary to Lampe's reply.

[18] Lampe omits the additional information in Delta's response that goes beyond its reason it deems the fact immaterial.

**Response.** Unsupported, immaterial and irrelevant.  The matrix was only used to select candidates to be interviewed for the Lead GMT position, and Plaintiff was in fact selected to be interviewed. Thus, the use of the matrix is immaterial to her claims.[19]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

> **SOF 54.** Shortly after Woodard returned the matrix to Maier, Maier instructed Woodard to

use a different matrix.

**Response.** Unsupported, immaterial and irrelevant.   As an initial matter, the matrix was only used to select candidates to be interviewed for the Lead GMT position, and Plaintiff was in fact selected to be interviewed. Thus, the use of the matrix is immaterial to her claims. Also, Plaintiff's assessment of the qualifications of other applicants for the Lead GMT position is immaterial.

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

> **SOF 55.** On the second matrix, Woodard, without explanation, rescored Dickinson's

"leadership and specialized" scores from a three to five-but Dickinson's resume does not mention

any experience with specialized equipment.

**Response.** Unsupported, immaterial and irrelevant.   As an initial matter, the matrix was only used to select candidates to be interviewed for the Lead GMT position, and Plaintiff was in fact selected to be interviewed. Thus, the use of the matrix is immaterial to her claims. Also, Plaintiff's assessment of the qualifications of other applicants for the Lead GMT position is immaterial.

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered

reasons for rejecting Lampe was pretext.

> **SOF 56.** Woodard re-scored Dickinson's "electrical" scores from one to five-although

Dickinson's resume does not mention any electrical experience.

---

[19] Lampe omits the additional information in Delta's response that goes beyond its reason it deems the fact immaterial.

**Response.** Unsupported, immaterial and irrelevant.   As an initial matter, the matrix was only used to select candidates to be interviewed for the Lead GMT position, and Plaintiff was in fact selected to be interviewed. Thus, the use of the matrix is immaterial to her claims. Also, Plaintiff's assessment of the qualifications of other applicants for the Lead GMT position is immaterial.

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for rejecting Lampe was pretext.

**SOF 57.** Woodard re-scored Dickinson's hydraulic score from a two to a five-but Dickinson's resume does not mention any hydraulic experience.

**Response.** Unsupported, immaterial and irrelevant.   As an initial matter, the matrix was only used to select candidates to be interviewed for the Lead GMT position, and Plaintiff was in fact selected to be interviewed. Thus, the use of the matrix is immaterial to her claims. Also, Plaintiff's assessment of the qualifications of other applicants for the Lead GMT position is immaterial.

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for rejecting Lampe was pretext.

**SOF 58.** Woodard rescored and gave Dickinson a "5" in welding-even though welding was not listed on Dickinson's resume, Dickinson was not certified to weld, and welding was not a requirement for the position.

**Response.** Unsupported, immaterial and irrelevant.   As an initial matter, the matrix was only used to select candidates to be interviewed for the Lead GMT position, and Plaintiff was in fact selected to be interviewed. Thus, the use of the matrix is immaterial to her claims. Also, Plaintiff's assessment of the qualifications of other applicants for the Lead GMT position is immaterial.

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for rejecting Lampe was pretext.

**SOF 59.** Maier, without knowing anything about Lampe's qualifications, discouraged Woodard from promoting her saying it would be "a leap" for her to be LGMT "*this early in her progression*" although at that point, Lampe had worked in GSE for nearly 12 years compared to Dickinson's nine years and Leyba's eight years in GSE.

14

**Response.**  Plaintiff's assessment of her own qualifications and the qualifications of other applicants for the Lead GMT position is immaterial.[20]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for rejecting Lampe was pretext.

   **SOF 60.** Maier said he based his opinion that Lampe was not qualified for the LGMT position "just by the nature of the job description and the scope of work that they're expected to do" but had no personal knowledge of Lampe's skills, education, and abilities.

**Reply.**  Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material to the extent it goes to Delta's proffered reasons for rejecting Lampe were pretext.

   **SOF 63.** However, specialized equipment experience was not a minimum or preferred requirement of the Lead GMT position and neither Woodard nor Maier knew how much training Lampe had with specialized equipment and said there "is no way to quantify the experience."

**Response.** Immaterial and irrelevant.  Plaintiff's assessment of her own qualifications and the qualifications of other applicants for the Lead GMT position is immaterial.

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for rejecting Lampe were pretext.

   **SOF 66.** The minimum qualifications specified in the July 2021 posting position were the same as in March 2021.  And again, Lampe applied for the position because her education and experience exceeded the job qualifications.

---

[20] Lampe omits the additional information in Delta's response that goes beyond its reason it deems the fact immaterial.

**Response.** Unsupported, immaterial, and irrelevant.  Plaintiff's assessment of her own qualifications is not material.[21]

**Reply.** This statement is material to support Lampe's prima facie case as to being qualified for the positions to which she applied.

**SOF 67.** The decision makers invited Lampe, James Belcher (Belcher) Jason Brentzel (Brentzel), and Diego Lurati (Lurati) to interview for the July 2021 LGMT position, although Lampe was the only candidate with a BMAR score on file.

**Reply.**  Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material to the extent it goes to the heart of Lampe's case as to Delta's pretext.

**SOF 68.** Woodard said Lampe was not the best candidate for the August 2021 LGMT promotion because "the best candidate had more MIC duties, which are leadership roles daily out on the floor, controlling as a Lead GMT would.  He had better experience in his outside-of Delta experience in equipment and vehicles."  However, Lampe's outside leadership, technical, and automotive experience was discounted, as was her leadership and technical experience within Delta.

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material to the extent it goes to the heart of Lampe's case as to Delta's pretext.

**SOF 70.** Comparing resumes to the posted job description and requirements listed by decision makers, Belcher's resume lists no experience with specialized equipment, welding, or MIC.

---

[21] Lampe omits the additional information in Delta's response that goes beyond its reason it deems the fact immaterial.

His resume outlines no leadership responsibilities. Lampe's resume lists experience as an MIC, with electrical, hydraulic, automotive systems, and multiple leadership positions and responsibilities

**Response.** Immaterial and irrelevant.  Plaintiff's assessment of her own qualifications or the qualifications of other applicants for the Lead GMT position is immaterial.[22]

**Reply.** This fact is material to Plaintiff's claims to the extent it supports finding Delta's proffered reasons for rejecting Lampe was pretext.

**SOF 71.** If the decision makers promoted Lampe as GSE Department Manager in 2020 her salary would have gone from $58,801 to $161,000 and her 401K contribution, as 20% of her wages, would have been: $32,200.

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material to the extent it goes to the heart of Lampe's case as to Delta's pretext.

**SOF 72.** If Lampe had been promoted to GSE Regional Contracts Manager in 2020, her salary would have gone from $58,801  to $161,000 and her 401K contribution, as 20% of her wages, would have been: $32,200.

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material to the extent it goes to the heart of Lampe's case as to Delta's pretext.

---

[22] Lampe omits the additional information in Delta's response that goes beyond its reason it deems the fact immaterial.

**SOF 73.** If Lampe had been promoted to LGMT in March 2021 or August 2021, her salary would have gone from $68,791 to $99,049 and the difference to her 401K contribution, as 20% of her wages, would have been: $6,475.

**Reply.** Delta did not comply with DUCivR 56-1(C)(3) and did not say why this fact is immaterial. This fact is material to the extent it goes to the heart of Lampe's case as to Delta's pretext.

### DELTA'S STATEMENT OF ADDITIONAL UNDISPUTED MATERIAL FACTS

Delta's statement of additional undisputed material facts is duplicative to SOFs in its Motion for Summary Judgment. ECF 22. Lampe responded to those facts in her Opposition. ECF 44. Lampe incorporates those responses as if fully restated herein.

### <u>ARGUMENT</u>

The undisputed material facts support Lampe's prima facie claim of discrimination. Lampe is a member of a protected class.[23] She was qualified for positions to which she applied. applied[24]; Despite being qualified, Delta rejected

---

[23] SOF 1, Complaint and Answer ¶8.

[24] Lampe met the minimum and preferred qualifications for the **Department Manager GSE** position. (SOFs 7-8 and 10; MSJ Exs. 5, 6 and 7). Lampe met the minimum and preferred qualifications for the **Regional Contracts Manager** position. (SOFs 26-29. MSJ, Exs. 7 and 14). Lampe met the minimum and preferred qualifications for the **Lead GMT** position posted in **March 2021.**(SOFs 47, 50, MSJ Exs.19 and 21.)

Lampe met the minimum and preferred qualifications for the **Lead GMT** position posted in **August 2021.**(SOFs 65-66, MSJ Exs. 4, 30-31). In addition to meeting and/or exceeding the preferred qualifications for these positions, Lampe's skills were also utilized while she worked as **Training Coordinator** where she, among other things, performed tasks that were **typically performed by GMTS, Lead GMTs, and managers. (**SOFs 19-20, Lampe Decl. ¶6, MSJ Exs. 56,Lampe Depo. 95:8-96:18; Lampe worked as **GSE Environmental and Safety Coordinator. (**SOFs 23-24, Lampe Decl. ¶¶8-9, MSJ Ex. 38).

Lampe for the positions and Delta filled the positions with individuals not of

Lampe's protected class.[25]  Lampe's prima facie case of discrimination "creates a

presumption that the employer unlawfully discriminated against [her]" *Wells v.*

*Colo. Dep't of Transp.,* 325 F. 3d 1205, 1223 (10th Cir. 2003)(internal quotation

marks omitted) *Lee-Fanning v. Chao,* 2019 U.S. Dist. LEXIS 3286, *6.

To negate this discriminatory presumption, the burden shifts to Delta to

articulate 'some legitimate, nondiscriminatory reason' for not promoting Lampe.

Evidence of pretext includes the use of subjective criteria. 469 U.S. 855, 105 S.

Ct. 181, 83 L.Ed. 2d 115 (1984).

Delta interviewed Woodard for GSE Manager despite his seniority at the

time of his application should have disqualified him based on Delta's Internal

Mobility Policy. (SOF 14, MSJ Exs. 1, 10, 12, 13 and 18).   Delta interviewed

Eric Schulte although he did not meet the minimum job requirements. (SOF 31-32,

42, MSJ Exs. 10, 14, 44, 55, Maier Depo. 99:23-100:7).  Delta rejected Lampe and

did not interview her though she met the preferred qualifications for the position.

(SOFs 10 and 12, MSJ Exs. 5-9, 55 and Maier Depo. 91:16-17.   Delta interviewed

Eric Schulte for the GSE Manager position when he did not meet the preferred job

qualifications. (SOF 10 and 13, MSJ Exs. 5-13). Decision makers entered

information on its hiring matrices were inconsistent from the candidates' resumes.

---

[25] Delta hired **Fred Woodard** as **SLC Department Manager.** (SOF 16, MSJ Exs 9 and 48). Delta hired **Eric Schulte** as **Regional Contracts Manager.** (SOF 47, MSJ Exs. 7, 10, 14 and 18.   Delta hired **Kenneth Dickinson** for the **LGMT position** posted in March 2021.(SOF 61, MSJ Ex. 53). Delta hired James Belcher for the August 2021 LGMT position. (SOF 69, MSJ Ex. Lampe Decl. ¶12).

(SOF 35, MSJ Exs. 7, 10 and 16).  The decision makers artificially inflated the male candidates' qualifications and diminished Lampe's qualifications. (SOF 36, MSJ Exs. 7, 10, 15 and 17).  Delta hired male candidates over Lampe based on subjective information the decision makers added that was inconsistent with the candidates' resumes.

## CONCLUSION

As set forth in the MSJ and confirmed herein, the undisputed material facts support granting Lampe's Motion for Summary Judgment.

Respectfully submitted this 30th day of May 2023.

  /s/ Michele Anderson-West
Michele Anderson-West
ANDERSON-WEST LAW
*Attorney for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on the 29th day of May 2023, I filed a true and correct copy of the foregoing through the Court's ECF, which caused service on the following:

Fredrick R. Thaler
rthaler@rqn.com

David B. Dibble
dd@rqn.com

Katherine E. Priest
kpriest@rqn.com

      /s/ Michele Anderson-West