Frederick R. Thaler (7002)
David B. Dibble (10222)
Katherine E. Priest (14758)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: rthaler@rqn.com
        ddibble@rqn.com
        kpriest@rqn.com

*Attorneys for Defendant Delta Air Lines, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLAIR LAMPE, an individual, | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| v. | |
| DELTA AIR LINES, INC., a foreign corporation, | Case No.: 2:22-cv-00055-TC |
| Defendant. | District Judge Tena Campbell |

Pursuant to DUCivR 7-1 and 56-1 and Fed. R. Civ. P. 7 and 56, Defendant Delta Air

Lines, Inc. ("Delta"), by and through its counsel of record, hereby submits this Reply

Memorandum in Support of Defendant's Motion for Summary Judgment.[1]

---

[1] For the Court's convenience, submitted herewith as Exhibit A to Defendant's Reply Memorandum is a Reconciliation of Facts (the "Reconciliation") which contains Plaintiff's responses to Defendant's Statement of Undisputed Material Facts as well as Defendant's responses thereto.

**TABLE OF CONTENTS**

INTRODUCTION.................................................................................................................... 1

ARGUMENT........................................................................................................................... 1

    I.        PLAINTIFF PRESENTS NO GENUINE ISSUE OF MATERIAL
            FACT IN RESPONSE TO DELTA'S MOTION................................................. 1

    II.      PLAINTIFF DOES NOT OPPOSE DELTA'S MOTION WITH
            RESPECT TO HER TITLE VII UNEQUAL PAY AND EQUAL PAY
            ACT CLAIMS. ................................................................................................... 2

    III.    THERE IS NO DISPUTE THAT PLAINTIFF'S CLAIMS ARE
            TIME-BARRED AS A MATTER OF LAW. ...................................................... 2

    IV.    ALTHOUGH TIME BARRED, PLAINTIFF PRESENTS NO
            GENUINE ISSUE OF MATERIAL FACT AS TO THE
            SUBSTANCE OF HER TITLE VII CLAIMS. .................................................. 6

            A.     There is no Dispute That Plaintiff was Not Qualified as a
                     Matter of Law. ........................................................................................ 7

            B.     No Evidence of Pretext Exists with Respect to Delta's Hiring
                     Decisions. ................................................................................................. 8

CONCLUSION ..................................................................................................................... 11

## INTRODUCTION

Rather than address Delta's arguments, Plaintiff responds to Delta's Motion by focusing on claims that are time-barred, along with unsupported allegations that are not even part of this case (in addition to also being time barred).  In fact, Plaintiff does not oppose Delta's Motion for Summary Judgment ("Motion") on the only timely claims she has – i.e., her Title VII unequal pay and Equal Pay Act claims.  Thus, she has waived any such arguments, and Delta is entitled to summary judgment on those claims.

In an effort to salvage her time-barred failure to promote claims, Plaintiff submits fabricated allegations regarding the Notice of Right to Sue ("NRTS") she received from the EEOC.  Her allegations, however, are  verifiably false.  The record evidence plainly demonstrates that her claims are untimely and should be dismissed.

Nevertheless, even if Plaintiff's failure to promote claims were not time-barred (they are), she cannot genuinely dispute Delta's conclusion that she was less qualified than the candidates selected for the positions at issue in this case.  Instead, Plaintiff merely relies on her self-serving opinion of her own qualifications, while ignoring the objective evidence of her deficiencies. That is insufficient as a matter of law to create a genuine issue of fact.  As such, Delta is entitled to judgment as a matter of law on Plaintiff's claims.

## ARGUMENT

### I.      PLAINTIFF PRESENTS NO GENUINE ISSUE OF MATERIAL FACT IN RESPONSE TO DELTA'S MOTION

Summary judgment is proper "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "If the moving party demonstrates that there is no genuine issue of material fact as to

1

the existence of any element essential to the non-moving party's case, then summary judgment is appropriate." *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1428 (10th Cir. 1996).  Plaintiff "cannot create a genuine issue of material fact with unsupported, conclusory allegations." *Tapia v. City of Albuquerque*, 170 Fed. App'x. 529, 533 (10th Cir. 2006) (citation omitted).  Plaintiff's Opposition to Delta's Motion and Statement of Undisputed Material Facts is replete with unsupported and conclusory allegations that do not create a genuine issue of material fact sufficient to overcome Delta's Motion.

**II.     PLAINTIFF DOES NOT OPPOSE DELTA'S MOTION WITH RESPECT TO HER TITLE VII UNEQUAL PAY AND EQUAL PAY ACT CLAIMS.**

Plaintiff does not oppose Delta's Motion with respect to her Title VII unequal pay and Equal Pay Act claims.  Accordingly, Delta's Motion should be granted with respect to Plaintiff's Title VII unequal pay and Equal Pay Act claims.  *See Palzer v. CoxCom, LLC*, 833 Fed. App'x. 192, 200-01 (10th Cir. 2020) (Plaintiff "who fails to file a timely response waives the right to respond and to controvert the facts asserted in the motion.")

**III.    THERE IS NO DISPUTE THAT PLAINTIFF'S CLAIMS ARE TIME-BARRED AS A MATTER OF LAW.**

The undisputed evidence demonstrates that Plaintiff's claims based on the allegations in her Charge of Discrimination filed with the EEOC on August 11, 2021, Case No. 540-2021-03611 ("Second Charge"), are time-barred.  On September 18, 2021, the EEOC issued a NRTS for the Second Charge.  But Plaintiff failed to file her Complaint in this case within 90 days of receiving that NRTS.

Faced with this reality, Plaintiff doubles-down on her dishonest submissions regarding the NRTS for the Second Charge.  She now claims that the NRTS issued on September 18, 2021 was actually mistakenly sent for the Charge of Discrimination that she filed with the EEOC on or

about September 17, 2021, Case No. 540-2021-04347 ("Third Charge").  (Response to Delta's

Statement of Undisputed Material Fact, ¶¶ 49, 52.)

Fortunately, the record evidence conclusively establishes the falsity of Plaintiff's

allegation.  The record plainly shows that the NRTS issued to Plaintiff on September 18, 2021,

was in fact for the Second Charge, with the case number ending in 03611:

EEOC Form 161 (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**DISMISSAL AND NOTICE OF RIGHTS**

| To: | Blair N. Lampe<br>2023 S 300 E<br>Salt Lake Cty, UT 84115 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 540-2021-03611 | Patricia A. Miner,<br>Supervisory Investigator | (602) 661-0040 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit.  This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Enclosures(s)          Elizabeth Cadle,          09/18/2021
                       District Director          (Date Issued)

(Ex. 4.)

Although this evidence alone is enough to rebut Plaintiff's false allegations, Plaintiff's

counsel expressly acknowledged to the EEOC that the NRTS issued on September 18, 2021 was

for the Second Charge and her deadline to file a suit based on the allegations found in the Second

3

Charge was running from the issuance of that NRTS. (*See* Exs. 26 and 27.) Specifically, after

Plaintiff filed the Third Charge, the EEOC reached out to Plaintiff's counsel on September 21,

2021, and confirmed that the NRTS on the Second Charge had been issued and "the clock is

running to file suit" on the Second Charge. The EEOC wrote:

> Michele,
>
> Previously you indicated that the CP was proceeding to court. Is this still the
> case? Are you filing a lawsuit? Since the Notice of Right to Sue was issued in
> 540-2021-03611 and the clock is running to file suit for that case, I wanted to
> clarify your current position with regard to this case.
>
> Please let me know.
>
> Thanks, Pat

(Ex. 27.)

Later, on November 19, 2021, Plaintiff's counsel reached out to the EEOC in response to

mistakenly receiving a second NRTS on the Second Charge, dated October 27, 2021. (Ex. 26.)

Plaintiff's counsel noted that the second NRTS for the Second Charge (case ending in 3611) was

a mistake and the NRTS should have been issued for the Third Charge (case ending in 4347).

(*Id.*) She also acknowledged that Plaintiff's deadline to file suit on the Second Charge was

approaching:

> Good morning Pat.
> I have two charges of discrimination for Ms. Lampe. One filed on or around August 11, 2021 (Case No. 540-2021-03611) and the other filed on September 18, 2021 (Case No. 540-2021-04247).
>
> I received two NRTSs for Case No. 540-2021-03611. One dated September 18, 2021 and one dated October 27, 2021.
>
> The second one, for October 27, 2021 should be for Case No. 540-2021-04247. Will you please check into this?
>
> I am drafting a complaint that needs both NRTS documents and the deadline is approaching for the 09.18.21 case.
>
> Thanks.
> Let me know if you want to discuss.
> My cell phone is 801.792.8838.
>
> -Michele

Ex. 26.

In response, the EEOC confirmed that the NRTS issued on October 27, 2021 should have been issued for the Third Charge (case ending on 4347), and that the second NRTS for the Second Charge (case ending in 3611) was issued by mistake:

> Good Morning Michele,
>
> 540-2021-03611 –
>
> It appears what happened is the Notice of Right to Sue for this case that is dated 10/27/21 should have been issued in the 540-2021-04247 case. I will need to follow-up with the Clerk who uploaded the documents to see if she retained the document for 04247. I will get back to you. She is off today but will be in tomorrow morning.
>
> Thanks, Pat

*Id.*

In short, Plaintiff cannot genuinely dispute that the NRTS issued on September 18, 2021, was for the Second Charge, given the undisputed and conclusive evidence confirming the same.[2] Thus, Plaintiff's Complaint in this case was untimely, as it was filed over one-month after the statutory 90-day period expired.  Consequently, Plaintiff's claims based on the allegations in the Second Charge should be dismissed as a matter of law.  *See* 42. U.S.C. § 2000e-5(f)(1); *see also Keeler v. Cereal Food Processors*, 250 Fed. App'x. 857, 860 (10th Cir. 2007) (dismissing claims as time-barred for plaintiff's failure to file suit within ninety days of receiving the right-to-sue letter from the EEOC); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723 (1984) (holding that no equitable tolling applied to ninety-day statutory deadline to file suit pursuant to Title VII because the right-to-sue letter clearly stated that the plaintiff was required to file suit within ninety days of receipt of the letter and plaintiff was reminded of the deadline on at least two other occasions).[3]

## IV.     ALTHOUGH TIME BARRED, PLAINTIFF PRESENTS NO GENUINE ISSUE OF MATERIAL FACT AS TO THE SUBSTANCE OF HER TITLE VII CLAIMS.

Without providing any analysis as to the substance of her legal arguments, Plaintiff states in conclusory fashion that (1) has established a prima facie case of Title VII gender discrimination for failure to promote; and (2) that Delta's legitimate business reason for failing to promote Plaintiff to the positions at issue was pretextual.  (Opp'n at 30-31.)

---

[2] Any attempt by Plaintiff to now argue that she relied on the fact that she had a NRTS dated October 27, 2021 for the Second Charge is unavailing.  Indeed, the correspondence with the EEOC makes clear that the operative NRTS for the Second Charge was the NRTS issued in September, and the NRTS issued in October was simply a mistake.  It comes as no surprise, therefore, that the only NRTS available from the EEOC portal for the Second Charge is the NRTS issued in September.  The mistaken NRTS is not available anywhere.

[3] Delta will leave it to the Court to determine whether the Court should sanction Plaintiff's conduct by awarding Delta all or part of its attorney fees incurred in responding to these meritless claims raised by Plaintiff related to the Second Charge.

### A.      There is no Dispute That Plaintiff was Not Qualified as a Matter of Law.

Even if Plaintiff's failure to promote claims were not time-barred, her claims substantively fail as a matter of law as there is no genuine dispute that she was not qualified for any of the positions at issue in this case, rendering her prima facie case deficient as a matter of law. *See Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1362 (10th Cir. 1997) (citation omitted). Plaintiff does not dispute that Delta has "wide latitude in setting job standards and requirements" for positions "and in deciding whether applicants meet those standards." *Salemi v. Colorado Pub. Employees' Ret. Ass'n*, 747 F.App'x 675, 691 (10th Cir. 2018).

For the GSE Department Manager position, Plaintiff did not possess sufficient management, supervisory, or leadership experience to oversee the "safe, compliant, and economical performance" of all GSE functions in Salt Lake City and thus was not qualified for promotion to the position. (*See* Ex. 14 at PLAINTIFF00082; *see also* Ex. 2 at 126:5-15, 131:1-9). Similarly, Plaintiff was not qualified for the for the Regional Manager position because she did not have experience with oversight of contract maintenance workers for Delta, had never been responsible for Delta's departmental operating budgets, and had virtually no front-line supervisory experience. (*See* Ex. 2 at 144:15-16, 134:24-136:23; *see also* Ex. 16.) And for the Lead GMT roles, Plaintiff was not qualified because she lacked the knowledge and experience necessary to lead others in the repair of specialized GSE equipment. She also lacked necessary leadership and supervisory experience. (Ex. 2 at 175:1-14; *see also* Ex. 19). Because Plaintiff cannot genuinely dispute that she was not qualified for the promotions for which she applied, her

prima facie case for gender discrimination fails as a matter of law.  As a result, Delta is entitled

to judgment as a matter of law on all of Plaintiff's Title VII claims.  *Sprague*, 129 F.3d at 1362.[4]

**B.       No Evidence of Pretext Exists with Respect to Delta's Hiring Decisions.**

Plaintiff does not dispute that in analyzing pretext, courts "consider the facts as they

appeared to the person making the decision, and [they] do not second-guess the employer's

decision." *Riggs v. AirTran Airways, Inc.*, 497 F.3d 1108, 1119 (10th Cir. 2007).  "The reason

for this rule is plain: [the Court's] role is to prevent intentional discriminatory hiring practices,

not act as a 'super personnel department' second guessing employers' honestly held (even if

erroneous) business judgments." *Id.* (quotations and citation omitted); *see also Jaramillo v.*

*Colorado Judicial Dept.*, 427 F.3d 1303, 1308 (10th Cir. 2005) (explaining that courts "may not

'act as a super personnel department that second guesses employers' business judgments'"

(citation omitted)).  In other words, courts may not determine if an employment decision "was an

unwise, unfair, or incorrect decision; instead, [they] look to whether the employer honestly

believed the reason given and acted in good faith on that belief." *Thomas v. Avis Rent A Car*,

408 F. App'x 145, 158 (10th Cir. 2011).

Plaintiff entire argument rests on her unsupported allegations that Delta used subjective

decision making in its hiring decisions amounting to pretext.  (Opp'n at 30.)  However, there is

no genuine dispute that Delta evaluated candidates for the positions at issue using established

objective criteria, including the candidates' performance records, resumes, experience,

---

[4] Plaintiff does not dispute that her allegations related to the alleged denial of various opportunities for experience, i.e., to work on specialized equipment, assignments at outposts, and the issuance of maintenance security badges, also fail as a matter of law on their merits (in addition to being time-barred). *See generally* Opposition.  Thus, judgment as a matter of law should be entered in Delta's favor on these allegations. *See Palzer*, 833 Fed. App'x. at 200-01.

productivity, job knowledge, and reliability.  As a result of this process, Delta concluded (and

Plaintiff does not genuinely dispute) that Plaintiff was not the most qualified applicant for any of

the open positions.  (Ex. 2 at 127:16-21; 140:8-10, 174:16-25; 194:19-21.)

Indeed, the GSE Department Manager, for which Plaintiff applied on October 17, 2020,

was filled by Fred Woodard, a Delta employee who worked as a GSE Department Maintenance

Manager at the JFK airport in New York City for Delta, which is undisputed.  (Ex. 2 at 128:15-

129:4, 129:5-15, 129:24-130:5; *see also* Ex. 15.)  Plaintiff does not dispute that Woodward had

also previously supervised a team of 85 mechanics, technicians, and leads, oversaw a large

budget for Delta, and managed invoices, overtime hours, parts, equipment downtime, and labor

metrics within his department.  (*See id*.)  Plaintiff concedes she had none of Woodard's

experience.  (Ex. 2 at 131:1-9.)

For the second position at issue, the Regional Manager position, there is no  dispute that

the position required a candidate with significant leadership experience and experience managing

budgets and operations of a department.  (Ex. 2 at 132:12-20, 134:3-23.)  Plaintiff does not

genuinely dispute that the employee who filled the Regional Manager position, possessed

significant and specific experience as an Operations Service Manager, as well as additional

managerial experience prior to his employment with Delta.  (*Id*. at 143:20-145:1, 145:12-16,

145:17-21; *see also* Ex. 17.)  Plaintiff does not dispute that she did not have the same breadth

and depth of experience.  (*Id.* at 144:15-16, 134:24-136:23.)

For the Lead GMT positions at issue, Plaintiff does not dispute that she was not even a

GMT at the time of her application for the *Lead* GMT positions, which required that she skip

over the GMT position for a promotion – an exceedingly rare occurrence within Delta's GSE

9

department.  (Ex. 2 at 169:14-171:14.)  Plaintiff does not dispute that the candidates chosen for

the Lead GMT roles had been GMTs for years prior to promoting to the Lead GMT roles and

had significant front-line supervisory experience  and substantial experience with specialized

equipment – experience she did not have with Delta.  (*Id*. at 177:19-178:19, 179:4-180:7.)

Ultimately, Plaintiff presents no genuine issue of fact (and otherwise points to no

evidence) that Delta's decision to not promote her was *because* of her gender.  (*See id*.)  Such an

explanation would be nonsensical given that Plaintiff has been promoted to two other positions –

and received massive pay raises – for which she was actually qualified.  (*Id*. at 113:24-115:7,

116:20-117:2.)

To the extent that Plaintiff argues that Delta's "prior treatment" of her or alleged

"procedural irregularities" in its hiring process amount to pretext, her arguments also fail.  As an

initial matter, Plaintiff presents no evidence of past unlawful treatment by Delta related to her

employment.  In any event, evidence of pretext based solely on discrete time-barred acts is not

permissible.  *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1223 (10th Cir. 2006)

(*citing Law v. Continental Airlines, Corp., Inc*., 399 F.3d 330, 334 (D.C.Cir.2005)) (abrogated on

other grounds).  Nor does Plaintiff submit any evidence that "disturbing procedural

irregularities" existed in the hiring process.  *See Cooper v. Wal-Mart Stores, Inc*., 296 Fed.

App'x 686, 696 (10th Cir. 2008) (explaining that the standard to establish pretext requires

evidence of not just any procedural shortfall, but of a "disturbing procedural irregularity.")  To

establish pretext based on a procedural irregularity, "a plaintiff must identify an applicable

written or unwritten policy or procedure that the employer failed to follow," and, if the employer

does not believe the policy to be "rigid," failure to follow the policy does not show pretext. *See id*. at 695-96.

Plaintiff's argument that prior acts establish pretext fails because all "prior acts" directly referenced or otherwise inferred are all time-barred as a matter of law. *See id*. Otherwise, Plaintiff presents no evidence of a "rigid" policy or procedure that Delta did not follow throughout the course of the hiring process for the positions at issue, thus defeating Plaintiff's argument that "procedural irregularities" are evidence of pretext. *See Cooper*, 296 Fed. App'x. at 696. For example, Plaintiff has no support for her allegations that Delta hired unqualified candidates, failed to uniformly apply testing requirements, or inconsistently administered interviews.

In sum, Plaintiff presents no evidence to establish a genuine dispute that Delta determined that she was less qualified because of her gender. Thus, she cannot establish pretext, and her claim fails as a matter of law.

## CONCLUSION

For all of the foregoing reasons, Delta respectfully requests that the Court enter summary judgment in Delta's favor on all of Plaintiff's claims.

DATED this 7th day of June, 2023.

RAY QUINNEY & NEBEKER P.C.

*/s/ Katherine E. Priest*
Frederick R. Thaler
David B. Dibble
Katherine E. Priest
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of June, 2023, I electronically filed **REPLY**

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY**

**JUDGMENT** using the CM/ECF system of the District Court of the State of Utah which sent

notification of such filing to:

> Michelle Anderson-West
> ANDERSON-WEST LAW
> 7901 South 3200 West, #1153
> Salt Lake City, Utah 84084
> michele@andersonwestlaw.com


*/s/ Doris Van den Akker*

1639523