Michele Anderson-West (9249)
**ANDERSON-WEST LAW**
9980 South 300 West, Suite 200
Sandy, Utah 84070
Telephone: 801.830.1958
Email: michele@andersonwestlaw.com
    *Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLAIR LAMPE, an individual,<br><br>  Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC., a foreign corporation,<br><br>  Defendant. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY**<br><br>**Case No. 2:22-cv-00055-TC**<br><br>**Honorable Tena Campbell** |

Plaintiff Blair Lampe, by and through her undersigned counsel, submits this opposition to Defendant's motion to exclude Dr. Glass' expert testimony.

## PRECISE RELIEF SOUGHT AND GROUNDS

Delta's confidence as to prevailing on its motion for summary judgment is certainly optimistic. Yet, Ms. Lampe is equally optimistic that the Court will enter summary judgment in *her* favor. In the event that this matter proceeds to trial, Dr. Glass' expert testimony should not be excluded because it is admissible, relevant and reliable. Delta discriminated against Ms. Lampe on the basis of sex. Delta denies her allegations saying variations of it "hired the best candidate" or it "hired the most qualified candidate." Dr. Glass' report identifies implicit bias as a reason why Delta, among other things, offered promotions to men over Ms. Lampe.

1

Dr. Glass' report identifies expert testimony and analysis of the organizational and institutional factors within Delta that contributed to Delta's gender bias in its interview and hiring practices as pertaining to Ms. Lampe. Delta asked male candidates different questions from those asked of Ms. Lampe and ignored or altered its written policies and procedures and prevented the interviews and candidate selection from being fair and unbiased. Delta is apparently oblivious to its organizational bias. Thus, Dr. Glass' expert report is essential. (ECF 62, Ex. 1).

Ms. Lampe respectfully asks the Court to deny Delta's motion to exclude Dr. Glass' testimony, order Delta to pay Dr. Glass fees associated with her deposition, deny Delta's request for costs and attorneys' fees, and grant such other relief that is fair and equitable.

## ARGUMENT

### A. Dr. Glass' Testimony is Admissible.

""In determining whether expert testimony is admissible, the district court generally must first determine whether the expert is qualified 'by knowledge, skill, experience, training, or education' to render an opinion." *Calder v. Blitz USA,* 2010 U.S. Dist. LEXIS 116244, *3-4, citing *Daubert v. Merrill Dow Pharms., Inc.,* 509 U.S. 579, 589, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). After the Court determines the witness is qualified as an expert, the Court must determine whether the expert opinion is relevant and reliable. Id.

### 1. Dr. Glass is Qualified as an Expert in Implicit Bias through her Knowledge, Experience and Education.

Dr. Glass is a tenured full professor in the College of Humanities and Social Sciences at Utah State University and received her PhD in Sociology from Yale University in 2005. Her research expertise spans the fields of sociology, management, human resources, and social psychology centering around organizational processes related to bias and discrimination in

hiring, retention and promotion. Most of Dr. Glass' work focuses on the patterns of racial and gender bias in the workplace and the barriers to advancement for women and people of color.

Dr. Glass has published over 60 peer-reviewed articles and has several reports in process. Dr. Glass' report provides specialized knowledge as to the best practices in hiring and promotion. She relied, although not exclusively, on the facts as set forth in the complaint, deposition testimony, discovery responses to provide a history of Ms. Lampe's employment at Delta and Delta's hiring and promotion practices and policies that contributed to Delta's repeated failure to promote her. (ECF 62, Ex. 1).

a.   **Dr. Glass' Expert Opinion is Relevant.**

Dr. Glass' expertise in the science of implicit bias will assist the trier of fact, and hopefully Delta itself, in understanding the underlying implicit gender bias leading to Delta discriminating against Ms. Lampe. Dr. Glass' analysis and conclusions contained in her report are based on her review of the pleadings, discovery responses and depositions in this case. Her analysis and conclusions rely on well-established social scientific evidence regarding organizational context and patterns of bias and discrimination as compared to the facts in this case. Dr. Glass' testimony is relevant to educate the jury as to the science of implicit bias and will assist the jury in determining whether implicit bias played a role in or is the reason for Delta's intentional discrimination of Ms. Lampe. (ECF 62, Ex. 1).

b.   **Dr. Glass' Expert Testimony is Reliable.**

In evaluating the reliability of proposed expert testimony, the Court evaluates several factors, including, whether the technique or theory has been subject to peer review and publication, and whether the technique has been accepted in the scientific community. *SEC v.*

3

*Novus Techs., L.L.C.,* 2010 U.S. Dist. LEXIS 92265, *8, citing Daubert, 509 U.S. 593-594.  As stated above, Dr. Glass has published sixty peer-reviewed scientific journal articles, eight referred book chapters and nineteen invited contributions.  Her work has been published in top-tier and leading peer-reviewed social scientific journals including *Social Forces, Human Relations, Work & Occupations* and *Strategic Management Journal.*  REPORT, P. 2.  In recognition of her expertise in organizational implicit bias, she has been invited to speak to a wide range of organizations on issues related to bias and discrimination and best practices for recruitment, hiring, retention and advancement.  Dr. Glass has worked with eBay, the Oregon Health & Science University, the National Associate of Corporate Directors, Catalyst, the Women's Leadership Institute, the MIT Sloan Analytics Conference and the Utah Bar Association.

      Dr. Glass' analysis and conclusions are based on her expertise in research, teaching, and consulting on gender bias and discrimination in the workplace, which is a topic that has received significant scholarly and scientific attention in the field. The research she cites throughout the report draws on the substantial body of work that has been published in peer-reviewed scientific journals in sociology, psychology, management, organizational studies, and human resources. (ECF 62, Ex. 1).

      **B. <u>Dr. Glass' Testimony Satisfys the Balancing Test of Rule 403</u>.**

      A court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403.   In this regard, Delta has not identified any unfair prejudice, undue delay, wasting of time,

or that Dr. Glass is needlessly presenting cumulative evidence. Instead, Delta alleges that the jury will be distracted and misled if Dr. Glass is able to testify as to implicit bias in the workplace. The jury will not be distracted or misled if they are educated as to the science of implicit bias and then apply that science to the facts and evidence in this case. Dr. Glass, for the past 18 years, has regularly taught undergraduate and graduate courses on organizations, workplace bias, and inequality. Dr. Glass should be permitted to testify about the general social framework of gender bias in organizations such as that at Delta *because* it will assist the jury as it evaluates the required qualifications and duties of the positions, details regarding the decision-making process for hiring into the relevant positions, and Delta's policies and procedures. Fed. R. Civ. P. 703.

      C.      **Plaintiff's Disclosure Under Rule 26(a)(2)(B) is Sufficient.**

Rule 26(a)(2)(B) requires a written report from any retained experts to contain "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming" these opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii). *Malan v. RKB Indus., Inc.* 2023 U.S. Dist. LEXIS 110067, *3. Dr. Glass, as stated above, considered the pleadings, discovery responses and deposition transcripts of this case. Then, she made conclusions based on her expertise in the science of implicit bias. If Delta is unsatisfied with the answers that Dr. Glass gave in her deposition, perhaps Delta did not ask the right questions. Ms. Lampe's disclosure under Rule 26(a)(2)(B) is sufficient.

      D.      **Delta Must Compensate Dr. Glass for Her Deposition.**

Fed. R. Civ. P. 26 allows a party to depose a person who has been identified as an expert whose opinions may be presented at trial. Fed. R. Civ. P. 26(b)(4). Fed. R. Civ. P. 26(b)(4)(E) requires

a party taking the deposition of an opposing party's expert witness to "pay the expert a reasonable fee for the time spent [in the deposition]. Fed. R. Civ. P. 26(b)(4)(E). The exception to the requirement to pay the expert for deposition testimony is if "manifest injustice would result." See *Cricut, Inc. v. Enough for Everyone, Inc.,* 2003 U.S. Dist. LEXIS 207968, *Calder v. Blitz U.S.A., Ind.* 2011 U.S. Dist. LEXIS 36945, speaking to the manifest injustice that may occur if the expert charges a disputably high fee for the deposition.

Dr. Glass billed Delta a total of $1,996.00 for deposition fees. This included $250.00 per hour for the 4.4-hour deposition; $150.00 per hour for round trip travel time from Logan, Utah to Salt Lake City, Utah, mileage at .65.5 per mile at the Federal government's 2023 mileage rate and charged a total of $190.00 for reviewing the deposition transcript. (Exhibit 1). Rule 26 requires that Delta compensate Dr. Glass for being called to be deposed by Delta.

## CONCLUSION

Dr. Glass is expertly qualified in the science of implicit bias. She has published over 60 peer-reviewed articles. Dr. Glass should be permitted to testify about the general social framework of gender bias in organizations such as that at Delta because it will assist the jury as it evaluates "the required qualifications and duties of the positions, details regarding the decision-making process for hiring into the relevant positions, and Delta's policies and procedures."

For all of the foregoing reasons, the Court should deny Delta's motion and should not exclude Dr. Glass' testimony.

Dated this 16th day of February 2024.

                                  ANDERSON-WEST LAW

                                   /s/ Michele Anderson-West
                                  Michele Anderson-West

## CERTIFICATE OF SERVICE

I certify that on the 16th day of January 2024, I filed a true and correct copy of the foregoing through the Court's ECF, which caused service on the following:

Fredrick R. Thaler
rthaler@rqn.com

David B. Dibble
dd@rqn.com

Katherine E. Priest
kpriest@rqn.com

      /s/ Michele Anderson-West