Frederick R. Thaler (7002)
David B. Dibble (10222)
Katherine E. Priest (14758)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
Email: rthaler@rqn.com
          ddibble@rqn.com
          kpriest@rqn.com

*Attorneys for Defendant Delta Air Lines, Inc.*

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLAIR LAMPE, an individual, | **DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE EXPERT TESTIMONY** |
| Plaintiff, | |
| v. | |
| DELTA AIR LINES, INC., a foreign corporation, | Case No.: 2:22-cv-00055-TC |
| Defendant. | District Judge Tena Campbell |

Pursuant to Rule 702 of the Federal Rules of Evidence and DUCivR 7-1, Defendant Delta Air Lines, Inc. ("Delta"), by and through its counsel of record, hereby submits this Reply Memorandum in Support of its Motion to Exclude Expert Testimony ("Motion") requesting that the Court exclude all expert testimony offered by Plaintiff's designated expert, Dr. Christy Glass, PhD.

## INTRODUCTION

Plaintiff failed to timely respond to Delta's Motion and did not make any attempt to explain or justify her late-filed opposition by demonstrating good cause or excusable neglect as required by the Federal Rules of Civil Procedure.  For this reason alone, Plaintiff's opposition should be stricken and Delta's Motion should be considered unopposed.

Even if Plaintiff had timely filed her opposition, her arguments do not satisfy *her* burden under Rule 702 of the Federal Rules of Civil Procedure of establishing the admissibility of Dr. Glass's opinions.  Indeed, Plaintiff wholly ignores Delta's primary argument for exclusion of Dr. Glass's testimony: Dr. Glass's testimony is neither relevant nor reliable as her opinions are entirely unsupported by the facts of this case.  With no factual support in the record, Dr, Glass specifically opines that Plaintiff "experienced gender bias" and was "denied promotions for which she was exceptionally well-qualified because Delta failed to implement and enforce hiring and selection processes that were objective, transparent and for which decision-makers were accountable for following best practices."  (Report at 4.)

Plaintiff spends no time in her opposition addressing the "elephant" in the briefing, which is that Dr. Glass does not know any of the facts required to conclude that Plaintiff was the most qualified candidate for the positions at issue and suffered intentional gender discrimination when she was passed over for promotions.  Specifically, Dr. Glass does not know the positions that Plaintiff claims she was unfairly denied, the roles and duties of each position (she had never seen the job descriptions for the positions at issue), the qualifications and experience of the other candidates for the positions at issue, who the other candidates were, Plaintiff's own qualifications, and who the successful candidates were.

Instead, Plaintiff generally argues, without citing any support, that Dr. Glass is qualified to offer her opinions given her review of social science data on implicit gender bias, the fact that she is published, and her invitations to speak on what she views to be "best practices for recruitment, hiring, retention and advancement."  (Opp. at 2-4.)  Again, Plaintiff overlooks that **none** of Dr. Glass's experience is with Delta, the Ground Service Equipment department within Delta (or the airline industry in general), and Dr. Glass failed to consider Delta-specific data, policies, and/or procedures in making her conclusions.

Because Delta has shown that Dr. Glass's report and deposition testimony opining that Plaintiff suffered intentional discrimination is without any factual support, Plaintiff now tries to pivot to a new argument.  Plaintiff now argues that:

> Dr. Glass should be permitted to testify about the general social framework of gender bias in organizations such as that at Delta because it will assist the jury as it evaluates the required qualifications and duties of the positions, details regarding the decision-making process for hiring into the relevant positions, and Delta's policies and procedures.

(Opp. at 5, Dkt. 68.)  Even if Dr. Glass's testimony was simply "general social framework" testimony (which it is not), such testimony is still not admissible in this case as Dr. Glass's opinions speak only to the question of implicit, or hidden bias – not intentional acts – as required by law.  *See Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1362 (10th Cir. 1997) (noting that the plaintiff "bears the ultimate burden of establishing that [the employer] intentionally discriminated against her").

For these reasons, Dr. Glass's opinions will not serve to assist a jury in determining whether Plaintiff suffered **intentional** discrimination by Delta, not just that gender bias or intentional discrimination is prevalent in the world.  *See Karlo v. Pittsburgh Glass Works, LLC*,

No. 2:10-cv-1283, 2015 WL 4232600, *9 (W.D. Penn. Jul. 13, 2015); *see also EEOC v. Walmart Stores, Inc.*, No. CIVA 6:01-CV-339-KKC, 2010 WL 583681, *4 (E.D. Ky. Feb. 16, 2010). Ultimately, Dr. Glass's opinions as to the legal issues in this case are neither relevant nor reliable and would only serve to confuse the jury and unfairly prejudice Delta, and thus should be excluded.

**ARGUMENT**

## I.     PLAINTIFF'S OPPOSITION MEMORANDUM WAS UNTIMELY AND THUS SHOULD NOT BE CONSIDERED.

Consistent with Plaintiff's overall prosecution of her case against Delta, Plaintiff failed to timely oppose Delta's Motion, nor did she make any request to extend the time for her to do so. DUCivR 7-1(a)(4)(D) requires that "[a] response to a motion must be filed within 14 days after service of the motion." Delta filed its Motion on January 29, 2024 (Dkt. 66), making Plaintiff's opposition due no later than February 12, 2024.[1] Plaintiff filed her opposition on February 16, 2024 – four days late. Plaintiff makes no attempt to show that her failure to comply with the 14-day deadline was a result of excusable neglect and/or good cause as required by Rule 6(b) of the Federal Rules of Civil Procedure. As such, the Court should not consider Plaintiff's untimely opposition. *See Palzer v. Coxcom*, 833 F. App'x 192, 196 (10th Cir. 2020) (holding that district court did not abuse its discretion when it struck late-filed opposition).

---

[1] Fed. R. Civ. P. 6(a)(1) provides the method of calculating the deadline for Plaintiff's opposition and requires that every day be counted (excluding the day of Delta's filing, i.e., Jan. 29), including intermediate Saturdays and Sundays, including the final day of the period. In this case, 14 days after Jan. 29, 2024, is Feb. 12, 2024.

## II.     DR. GLASS'S OPINIONS WILL NOT ASSIST THE JURY TO UNDERSTAND THE EVIDENCE.

Rule 702 requires that expert testimony "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993)) (citing Fed. R. Evid. 702).  Thus, such evidence may be admitted only if it is relevant and reliable.  *See id.* at 597; *see also Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1217 (10th Cir. 2016).

### A.     Dr. Glass's Opinions are not Relevant as They do not Address the Core Legal Issues.

Plaintiff argues, without legal or factual support, that "Dr. Glass's expertise in the science of implicit bias will . . . assist the trier of fact . . . in understanding the underlying implicit gender bias leading to Delta discriminating against [Plaintiff]."  (Opp. at 3.)  Plaintiff asserts that Dr. Glass's "analysis and conclusions rely on well-established social scientific evidence regarding organizational context and patterns of bias and discrimination" applied or compared to "the facts in this case."  (*See id.*)  But Plaintiff does not attempt to reconcile her unsupported arguments with Dr. Glass's failure to identify a single intentional action by Delta's hiring managers based on Plaintiff's gender – a required element of her claims.  *Sidlo v. Millercoors, LLC*, 718 F. App'x 718, 726 (10th Cir. 2018).  And Plaintiff does not dispute that Dr. Glass did not know, and thus did not consider, any of the key facts of this case, e.g., the qualifications of the candidates at issue, the requirements for the positions at issue, the number of qualified female GSE candidates in the market, the number of female applicants to GSE positions, the rate at which female employees are hired or promoted within Delta, or any other Delta-specific data. (*See generally* Motion and Opp.)

Not surprisingly, given Dr. Glass's lack of knowledge regarding any relevant fact in this case, Plaintiff apparently attempts to pivot from her original strategy of having Dr. Glass opine on the specific facts of the case to just "educat[ing] the jury as to the science of implicit bias." (*Id*. at 3.) However, this new argument is at odds with Dr. Glass's report and deposition testimony. And even if it were not, such general testimony is not relevant to Plaintiff's claim for disparate treatment as she "must prove that intentional discrimination occurred at the particular employer, not just that gender stereotyping or intentional discrimination is prevalent in the world." *Karlo*, 2015 WL 4232600, *9 (barring testimony of so-called implicit bias expert).

Indeed, as in *Karlo*, Dr. Glass did not "perform any independent, objective analysis on whether implicit biases played any role in the decisions to terminate" and instead just "recites h[er] credentials, reviews the literature, and attempts to highlight flaws in the employment practices of [Delta]" by reviewing deposition transcripts supplied by Plaintiff's counsel. *See id*. at *7; *see also* Motion and Opp. Ultimately, "disparate treatment claims require proof of discriminatory motive, which seems incompatible with a theory in which bias may play an unconscious role in decision-making." *Karlo*, 2015 WL 4322600 at *9.

B.   Dr. Glass's Opinions are not Reliable Because They are not Based on Sufficient Facts or Data.

Plaintiff repeats that Dr. Glass's conclusions are based on her "expertise in research, teaching, and consulting on gender bias and discrimination in the workplace" but conspicuously omits any evidence that Dr. Glass's opinions were based on any specific facts in this case as required by Rule 702. (*See* Opp. at 3-4.) And relying solely on information found in select pleadings, discovery responses, and depositions in the case provided by Plaintiff undermines the reliability of Dr. Glass's so-called analysis. *See Karlo*, 2015 WL 4322600 at *7. This sort of

superficial analysis of the data underlying her opinion "is not expert material; it is the say so of an academic who assumes h[er] general conclusions . . . also apply to [the Company]." *Id*. Consistent with the ruling in *Karlo*, the Court in *Childers* ruled that a designated expert's opinion on the social science of stereotyping, and the examination of "settings or conditions conducive to stereotyping," without looking at key information like comparators (and instead reviewing only deposition testimony and documents provided by Plaintiff's counsel), was insufficient to support the expert's conclusions. *See Childers v. Trustees of the Univ. of Penn*., No. 14-2439, 2016 WL 1086669, *5-6 (E.D. Penn. Mar. 21, 2016) ("Without reviewing data such as information relating to similarly situated individuals, Dr. Halpert's testimony is not based on a sufficient record to support her conclusions."). Indeed, social framework experts must "at least present a reliable methodology that consists of more than 'dog-earing' passages from depositions that the expert believed supported his conclusions." *See id*. at *5 (citation omitted).

Plaintiff does not meet her burden to show that Dr. Glass's testimony was based on more than a superficial analysis of the social-science research on gender bias and discrimination. Thus, Dr. Glass's opinions are not "expert material" but is the "say so" of Dr. Glass who assumes her general conclusions apply to Delta. As such, Dr. Glass's opinions are not reliable and should be excluded.

C.     Plaintiff Does not Dispute that Dr. Glass Opines on the Ultimate Legal Issue.

Plaintiff does not address, and thus does not dispute, Delta's assertion that Dr. Glass opines on the ultimate legal issues in this case, i.e., that Plaintiff suffered from unlawful discrimination based on her gender simply because Dr. Glass believes that Delta did not use "best practices" in its hiring process. (*See, e.g.*, Glass Dep. at 128:4.) As such, Dr. Glass's

opinions regarding the requirements of Title VII and her application of Plaintiff's version of the

facts constitutes an improper legal conclusion that must be excluded.  *See Sawyer v. Southwest*

*Airlines, Co*., 243 F.Supp.2d 1257, 1268-69 (D. Kan. 2003).

       D.      <u>Dr. Glass's Testimony Does Not Satisfy the Balancing Test of Rule 403</u>.

Plaintiff attempts to sidestep the clear deficiencies in Dr. Glass's opinions by arguing that

Dr. Glass should be permitted to provide a general social-science framework.  She claims that

"[t]he jury will not be distracted or misled if they are educated as to the science of implicit bias"

and then apply this education "to the facts and evidence in this case."  (Opp. at 5.)  However,

Dr. Glass's opinions "cross the line into the realm of causation and blur, if not erase altogether,

the line between hypothetical possibility and concrete fact."  *Jones v. Nat'l Council of Young*

*Men's Christian Ass'n of the United States of America*, 34 F.Supp.3d 896, 900-01 (N.D. Ill.

2014) (adopting report and recommendation of magistrate judge).  For example, Dr. Glass opines

that Delta's evaluation and hiring process lacked objective criteria and thus Plaintiff's lack of

qualifications was based on subjective assessments by her supervisor which was infused with

gender bias.  (*See* Report at 4-10.)   But "[i]n the context of employee evaluations, pay, and

promotion decisions, there is not a 'want of objective criteria'; supervisors have the firsthand

opportunity to observe and evaluate the competence of the employees they evaluate; that they

bring subjectivity to this task does not make their decisions uninformed."  *Jones*, 34 F.Supp.3d at

901.  In this instance, the risk is that "the jury would be unable to ascertain the line" between

general "educat[ion] on the science of implicit bias" and the material facts of this case.  Thus, the

opinions do not satisfy the balancing requirements of Fed. R. Evid. 403.  *See id*.  (citing Rule 403

which permits the exclusion of evidence, due, among other reasons, to a risk that it will confuse

or mislead the jury); *see also Johnson v. Seattle Public* Utilities, 3 Wash. App.2d 1055, *8 (Ct. App. Wash. 2018) (excluding "generalized opinions that are not tied to the specific facts of the case as they would be confusing and misleading to the jury).

### III.    PLAINTIFF'S RULE 26(a)(2)(B) DISCLOSURE IS INSUFFICIENT.

Plaintiff argues that her expert disclosure pursuant to Fed. R. Civ. P. 26(a)(2)(B) was sufficient because "she made her conclusions based on her expertise in the science of implicit bias" and considered the "pleadings, discovery responses and deposition transcripts of this case." (Opp. at 5.)  However, as extensively discussed herein and in the Motion, Dr. Glass either (1) could not recall, (2) did not know, or (3) did not consider virtually any fact relevant to Plaintiff's claims.  (*See generally* Glass Dep.; *see also* Section II, *supra*; Motion.)  Thus, Delta has no understanding as to the substance of Dr. Glass's testimony, and Plaintiff does nothing to "set forth the substance of the direct examination" via written report, to allow Delta adequate opportunity to prepare for Dr. Glass's testimony at trial.  As such, Dr. Glass's testimony should be excluded.  *See* Fed. R. Civ. P. 37; *see also Harvey v. THI of New Mexico at Albuquerque Care Center, LLC*, No. 12-CV-727, 2015 WL 13667111, *3 (D.N.M. Mar. 31, 2015).

### IV.    DELTA SHOULD NOT BE REQUIRED TO COMPENSATE DR. GLASS FOR HER DEPOSITION.

While citing the language of Rule 26(b)(4)(E) of the Rules of Civil Procedure requiring a party taking the deposition of an opposing party's expert witness to "pay the expert a reasonable fee for time spent [in the deposition]," Plaintiff makes no showing that payment of Dr. Glass's fee under the circumstance is reasonable.  Indeed, Dr. Glass did not prepare for her deposition and provided virtually no testimony of value to allow Delta to test the limits of her opinions, as it is entitled to do.  As such, Delta should be awarded its costs and attorney fees incurred by Delta

in taking Dr. Glass's deposition.  *See* Fed. R. Civ. P. 37.

## **CONCLUSION**

For all of the foregoing reasons, the Court should exclude the expert testimony of

Dr. Glass.

DATED this 28th day of March, 2024.

**RAY QUINNEY & NEBEKER P.C.**

*/s/ David B. Dibble*
Frederick R. Thaler
David B. Dibble
Katherine E. Priest
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March, 2024, I electronically filed the foregoing

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE**

**EXPERT TESTIMONY** using the CM/ECF system of the Court, which sent notification of

such filing to:

> Michelle Anderson-West
> ANDERSON-WEST LAW
> 7901 South 3200 West, #1153
> Salt Lake City, Utah 84084
> michele@andersonwestlaw.com
>
> *Attorney for Plaintiff*


*/s/ Doris Van den Akker*

1664125

11